Opinion Issued November 4, 2004




     







In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00404-CR




RAYMOND HEWITT JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 1138643




O P I N I O N

          A jury found appellant, Raymond Hewitt Jr., guilty of driving while intoxicated
(DWI) and assessed punishment at 180 days in the Harris County Jail, suspended for
one year of community supervision, and an $800 fine. Tex. Pen. Code Ann. § 49.04
(Vernon 2003). We address (1) whether the trial court abused its discretion in
denying appellant’s motion to exclude evidence; (2) whether the trial court abused
its discretion in denying appellant’s motion in limine; (3) whether the trial court erred
in denying appellant’s motion to suppress; (4) whether the trial court violated his
Sixth Amendment rights; (5) whether the trial court erred in denying appellant’s
motion for new trial; and, (6) whether the trial court violated his due process rights. 
We affirm.
Facts
          On October 6, 2002, appellant was involved in an accident with a Metro bus
at about 8:40 a.m. Officer Holloway responded to the call and arrived at the scene
at approximately 9:00 a.m. Officer Holloway interviewed appellant, whom he
observed had red, glassy eyes, was sweating, and had the odor of alcoholic beverages
on his breath. Appellant also seemed nervous. Suspecting that appellant might be
intoxicated, Officer Holloway called another police unit and began taking appellant’s
identification information. Officer Hillman responded to Officer Holloway’s request
for another police unit and proceeded to administer field sobriety tests to appellant. 
Officer Holloway noticed that Officer Hillman made a procedural error in
administering one of the field sobriety tests and took over administering the test. 
After administering the field sobriety tests, the officers decided to take appellant into
custody for further evaluation. Officer Ogden administered two breath tests to
appellant, one at 10:14 a.m. and another at 10:16 a.m. Appellant’s blood alcohol
content readings were 0.11 and 0.105, respectively. 
Motion to Exclude Evidence
          In his first point of error, appellant contends that the trial court erred by
denying his motion to exclude evidence in violation of a discovery agreement
between the prosecution and the defense. Specifically, appellant contends that the
trial court erroneously allowed police officers to testify about appellant’s performance
on field sobriety tests in violation of a discovery agreement. Appellant asserts that
the prosecution agreed to give written notice of its intent to introduce expert
testimony and that the prosecution did not do so for its testifying police officers. We review a ruling admitting evidence for abuse of discretion. See Powell v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). When reviewing claims of
violations of discovery agreements, we should consider whether the prosecutor’s
actions constitute “bad faith” and whether the defendant reasonably could have
anticipated the witnesses’ testimony. Martinez v. State, 867 S.W.2d 30, 39 (Tex.
Crim. App. 1993).In the present case, the record belies any showing that appellant was surprised
that the State called the police officers as expert witnesses. The State’s application
for subpoenas, filed with the trial court’s clerk so as to be available to appellant,
identified all four police officers as potential experts regarding intoxication, the
horizontal gaze nystagmus test, standardized field sobriety evaluations, the Intox.
5000, and the effects of alcohol on the human body. Moreover, defense counsel
conceded that he had seen the offense report, which contained the same information. 
Because nothing in the record demonstrates that appellant was surprised by the
identity of the State’s experts, nor by the areas of their testimony, the trial court did
not abuse its discretion in allowing the testimony. See Martinez, 867 S.W.2d at 39. 
Furthermore, appellant has not shown any bad faith on the part of the prosecution,
when the prosecutor thought that she had complied with the agreement struck
between appellant’s counsel and a predecessor prosecutor. See id. Therefore, the
trial court did not abuse its discretion by allowing the police officers to testify. 
          We overrule appellant’s first point of error. Motion in Limine
          In his second point of error, appellant contends that the trial court abused its
discretion by denying his motion in limine and subsequent objection at trial to Officer
Hillman’s testimony regarding the administration of field sobriety tests. Appellant’s
contentions are not supported by the record. 
          The first prong of appellant’s argument is that the trial court erred in denying
his motion in limine. Prior to trial, appellant filed a motion in limine regarding
Officer Hillman’s testimony, requesting that “any testimony about the instruction,
administration performance, or conclusions regarding these test [sic] would be expert
testimony and should be excluded.” During the pretrial hearing on the motion, the
State expressed its intention not to call Officer Hillman to testify as an expert. The
trial court accordingly ruled that the prosecution could elicit testimony that Officer
Hillman began to administer a field sobriety test, that he had forgotten how to
administer the test, and that another officer had finished giving the test. The trial
court’s ruling effectively sustained appellant’s motion in limine by limiting Officer
Hillman’s testimony to discrete, non-expert matters. Appellant’s complaint that the
trial court erroneously denied his motion in limine is thus not supported by the record.
          The second prong of appellant’s argument is that the trial court erred by 
overruling his objection at trial to Officer Hillman’s testimony regarding appellant’s
performance on field sobriety tests. Contrary to appellant’s contention, when
appellant objected, after Officer Hillman began to volunteer information outside the
permitted subject, the trial court sustained the objection. Moreover, appellant sought
neither an instruction to disregard, nor a mistrial. Defense counsel’s failure to request
an instruction to disregard after his objection was sustained waives any error. Fuller
v. State, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). Appellant received all the
relief that he requested.
            We overrule appellant’s second point of error.
 

Motion to Suppress
          In his fourth point of error, appellant contends that the trial court erred by
denying his motion to suppress breath test results. Based on appellant’s arguments,
we construe his complaint to be that the trial court erred in admitting retrograde
extrapolation evidence based on appellant’s breath test results. Specifically, appellant
contends that Rick Viser, the expert presenting retrograde-extrapolation evidence,
“did not clearly and convincingly understand and explain” the principles of retrograde
extrapolation and, therefore, failed to meet the level of reliability needed to give an
opinion based on retrograde extrapolation. 
          In reviewing the trial court’s decision to deny appellant’s motion to suppress,
we apply an abuse-of-discretion standard. See Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim. App. 2002); Bhakta v. State, 124 S.W.3d 738, 740 (Tex. App.—Houston
[1st Dist.] 2003, pet. struck). We reverse only if the trial court’s decision falls outside
the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). In determining whether the trial court abused
its discretion, we consider whether the court acted without reference to guiding rules
or principles, that is, whether the court acted arbitrarily or unreasonably. Id. at 380. 
          Retrograde extrapolation is a technique used to estimate alcohol concentration
at some earlier time, based on test results at a later time. Mata v. State, 46 S.W.3d
902, 908-09 (Tex. Crim. App. 2001); Bhakta, 124 S.W.3d at 740-41. In Mata, the
Court of Criminal Appeals held that the science of retrograde extrapolation can be
reliable under the facts of a given case, but that the retrograde-extrapolation expert’s
ability to apply the science and to explain it with clarity to the court is a paramount
consideration. Mata, 46 S.W.3d 916. The expert must demonstrate some
understanding of the difficulties associated with the science, as well as an awareness
of the subtleties of the science and the risks inherent in any extrapolation. Id. 
Finally, the expert must be able to apply the science clearly and consistently. Id. 
          The Court of Criminal Appeals has articulated that a person’s weight, gender,
typical drinking pattern, and tolerance to alcohol; how much and what type of alcohol
was consumed; the duration of his drinking spree; the time of his last drink; and what
type and what time the person consumed his last meal are all factors to be considered
in evaluating the reliability of a retrograde extrapolation. Id. The court has also held
that if the State administered more than one breath test, if each test was given a
reasonable length of time apart, and if the first test was conducted within a reasonable
time after the offense, an expert could potentially create a reliable estimate of the
defendant’s BAC (Blood Alcohol Concentration) even with limited knowledge of
personal characteristics and behaviors. Id. In contrast, a single test conducted some
time after the offense could result in a reliable extrapolation only if the expert had
knowledge of many personal characteristics and behaviors of the defendant. Id. 
Somewhere in the middle might fall a case in which a single test was given a
reasonable length of time from the driving and in which the expert knew two or three
personal characteristics of the defendant. Id. at 916-17. In Mata, the Court of
Criminal Appeals declined to address potential reliability under those circumstances. 
Id. at 917. The court suggested that a reasonable interval between the offense and the
test is less than one hour. Id. at 912. 
          While testifying at the suppression hearing, Viser stated that he had been an
employee of the Houston Police Department’s crime lab for about 10 and one-half
years and that his duties included making sure that instruments were working
properly, certifying officers in the breath-test program, giving expert testimony, and
analyzing blood, breath, and urine samples. Viser’s scope of duties, although not
determinative, suggests that he possessed the requisite expertise to perform retrograde
extrapolations. Viser also testified about what retrograde extrapolation is, some of
the subtleties and difficulties in the science, and the necessary factors for retrograde
extrapolation. Specifically, Viser testified about the risk of obtaining an erroneous
calculation if the needed factors are not used in the computation; how alcohol is
absorbed by the body; and how factors, such as eating, can affect absorption by the
body. 
          In this case, the intoxilyzer test was administered to appellant about one hour
and 30 minutes after the offense, outside the reasonable time limit suggested by the
Court of Criminal Appeals. Id. at 912. Additionally, although appellant blew into the
tester twice, his two breath samples counted as a single test for Mata purposes
because of the short time interval between the two breath samples. Thus, it was
necessary for Viser to know many personal characteristics and behaviors of appellant. 
See id. at 916. Viser conducted the retrograde extrapolation using factors that
included appellant’s sex, height and weight and the time and content of his last meal. 
Viser also used knowledge of crucial behaviors, including the timing of appellant’s
first and last drink and the type of alcohol that appellant had consumed. Therefore,
one could reasonably conclude that Viser was able to produce a reliable extrapolation. 

          In his reply brief, however, appellant contends that the present case is
analogous to Owens v. State, 135 S.W.3d 302 (Tex. App.—Houston [14th Dist.]
2004, no pet.), in which the court held retrograde extrapolation testimony by the same
expert, Viser, to be unreliable because he did not clearly explain the science of
retrograde extrapolation and failed to take into account certain important factors, like
the time between the offense and the breath test. See id. at 309. In Owens, the breath
test was performed on the defendant about three and one-half hours after the offense,
well beyond the reasonable time-frame established in Mata and, additionally,
Owens’s two breath samples counted as a single test for Mata purposes due to the
short time interval between the two breath samples. Id. at 308. Moreover, the expert
failed to rely on other influential factors, such as how much appellant had to drink,
what the appellant drank, the amount of food that the appellant consumed, and when
the appellant had his first and last drink. The retrograde extrapolation was calculated
by using only the appellant’s weight, height, age, and gender, his last meal, and the
time in which that meal was eaten. Notably, the appellant was not taken into custody
until an hour and a half after the offense, after he had been observed by a roommate
drinking heavily during the interim, and the appellate court commented on that crucial
fact’s not having being taken into consideration. Id. at 305, 309. 
          The present case is distinguishable from Owens. In addition to considering the
personal characteristics of appellant, Viser also considered behaviors, not known in
Owens, such as appellant’s having begun to drink at 1:00 a.m., having had his last
drink at 2:30 a.m., and having drunk beer. Also, because appellant was taken into
custody at the scene of the accident, he had no opportunity to drink after the offense. 
Because Viser was aware of numerous characteristics of appellant and of the timing
and type of alcohol that appellant had consumed, we hold that the trial court did not
err in concluding that State demonstrated by clear and convincing evidence that the
retrograde extrapolation was reliable. Accordingly, the trial court did not abuse its
discretion in admitting the extrapolation evidence. See Mata, 46 S.W.3d at 916. 
          Accordingly, we overrule appellant’s fourth point of error. Constitutional Right to Confrontation
          In his fifth point of error, appellant contends that the trial court erred by
denying appellant’s right to cross-examine a witness effectively, thus precluding
appellant from presenting a defensive theory of the case and violating his Sixth
Amendment right to confront witnesses. 
          The standard of review for alleged violations of the constitutional right to
confront witnesses is abuse of discretion. Lagrone v. State, 942 S.W.2d 602, 613
(Tex. Crim. App. 1997). Both the United States Constitution and the Texas
Constitution give criminal defendants the right to confront witnesses against them,
but the trial court is also allowed to place reasonable limits on cross-examination to
avoid confusion or prejudice. Id. To show that the trial court abused its discretion,
an appellant must show that the court prohibited appellant “from engaging in
otherwise appropriate cross-examination designed to show a prototypical form of bias
on the part of the witness.” Id. 
          During cross-examination, appellant sought to question Viser regarding
whether the Houston Police Department crime laboratory was under investigation. 
The State objected, arguing that the question was irrelevant. The trial court sustained
the State’s objection, but permitted appellant to present an offer of proof at the end
of trial. At the end of trial, appellant’s offer of proof included a newspaper article
stating that the entire crime laboratory, particularly the DNA and ballistics divisions,
was under investigation. Appellant’s proffer also included questions intended for
Viser on cross-examination. Appellant stated that he would have asked Viser if the
entire crime laboratory had been under investigation for not having followed proper
procedures and policies and whether that investigation resulted from a financial
shortfall that had prevented the crime laboratory from properly functioning and
obtaining the most technologically advanced equipment available. Appellant did not
provide Viser’s anticipated answers to the proposed questions.
          Appellant had the right to confront witnesses testifying against him under both
the United States Constitution and the Texas Constitution. See Lagrone, 942 S.W.2d
at 613. Appellant, however, has not shown that his right to cross-examine witnesses
was hampered by the trial court’s refusal to allow questions regarding an
investigation of the crime laboratory. Appellant’s proposed cross-examination
questions, without Viser’s anticipated answers, failed to show the impact, and thus
the relevance, that the crime lab investigation would have had on his case. Therefore,
the trial court did not abuse its discretion in limiting appellant’s cross-examination
of a matter not shown to be relevant. 
          We overrule appellant’s fifth point of error.
Motion for New Trial
          In his third point of error, appellant contends that the trial court erred by
denying his motion for new trial. Appellant’s motion for new trial alleged that the
trial court erred in denying his motions to suppress and to exclude and by limiting
trial counsel’s cross-examination of Rick Viser. We have held that the trial court did
not err in overruling appellant’s motions to suppress and to exclude. Therefore, the
trial court did not err in overruling his motion for new trial to the extent that it merely
repeated these complaints. Appellant did not provide in his motion for new trial any
further statement of what questions and answers would have resulted if the trial court
had not limited his cross-examination of Viser. Accordingly, appellant’s complaint
that the trial court denied his motion for new trial raises nothing that we have not
already addressed and overruled in previous points of error.
          We overrule appellant’s third point of error. 
Due Process
            In his sixth point of error, appellant contends that the trial court’s limitation of
his closing argument violated his due process rights pursuant to the Sixth Amendment
of the United States Constitution and Article I, Section 10 of the Texas Constitution. 
See U.S. Const. amend. VI; Tex. Const. art. I, § 10. 
          Appellant makes no argument on behalf of his contention and cites no authority
for its support. Thus, appellant waived this issue by inadequate briefing. See Tex.
R. App. P. 38.1(h); Vuong v. State, 830 S.W.2d 929, 940 (Tex. Crim. App. 1992). 
          We overrule appellant’s sixth point of error. 
 

Conclusion
          We affirm the judgment of the trial court. 

                                                             Tim Taft                                                                                                            Justice
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. Tex. R. App. P. 47.2.