Opinion issued November 10, 2004



 
 


 









In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00522-CR




THOMAS LEE PEDEN, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 6
Harris County, Texas
Trial Court Cause No. 1123518




MEMORANDUM OPINION

          Appellant, Thomas Lee Peden, Jr., was charged by information with driving
while intoxicated (DWI). Following a hearing, the trial court denied his motion to
suppress evidence concerning retrograde extrapolation of his breath test results. A
jury found him guilty, and the trial court assessed punishment at 180 days’
confinement, probated for one year, and an $800 fine. 
          In two issues, appellant contends that the trial court erred (1) in admitting
testimony by the State’s expert on retrograde extrapolation and (2) in admitting the
breath test results without reliable retrograde extrapolation.
          We affirm.
Background
          At 11:05 p.m., on July 1, 2002, Deputy Gary Wilson of the Harris County
Sheriff’s Department stopped appellant on the Sam Houston Toll Road for speeding. 
Wilson noticed an odor of alcohol emanating from appellant and asked him to get out
of his car. Wilson also noted that appellant had bloodshot eyes and was swaying a
bit. Appellant admitted drinking two glasses of port wine with dinner but declined
field sobriety tests.
          Wilson arrested appellant and transported him to the Cypresswood Drive
substation. They arrived at 12:10 a.m. and found that the video camera was
inoperative. Wilson then transported appellant to the Tomball Police Department.
There, appellant consented to breath testing. Tests were conducted at 12:49 and
12:51 a.m., and yielded a final blood alcohol concentration (BAC) result of 0.126. 
Appellant then took and passed Romberg and standard field sobriety testing, except
that no horizontal gaze nystagmus test was administered.
          At the suppression hearing, the State used retrograde extrapolation to establish
that the appellant’s BAC was in excess of the legal limit of 0.08 at the time he drove
his car.Admissibility of Expert TestimonyIn his first issue, appellant contends that the trial court erred in admitting
testimony by the State’s expert on retrograde extrapolation because (1) the expert was
not qualified, (2) the validity of the underlying science and technique was not proven,
and (3) the application of the technique in this case was improper. 
A.      Standard of Review
          The standard of review for the admissibility of evidence is abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). An abuse of
discretion occurs where a trial court’s decision lies outside the zone of reasonable
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). 
In determining whether a trial court has abused its discretion, we consider whether
the court acted arbitrarily or unreasonably and without reference to guiding rules or
principles. Id. at 380.
B.      Expert Testimony
          “If scientific, technical, or other specialized knowledge will assist the trier of
fact to understand the evidence or to determine a fact in issue, a witness qualified as
an expert by knowledge, skill, experience, training, or education may testify thereto
in the form of an opinion or otherwise.” Tex. R. Evid. 702. Rule 702 requires the
proponent to prove to the trial court, by clear and convincing evidence, that the
proffered evidence is relevant and reliable. Kelly v. State, 824 S.W.2d 568, 573 (Tex.
Crim. App. 1992).
C.      Analysis
          The Court of Criminal Appeals addressed the admissibility of expert testimony
on retrograde extrapolation in Mata v. State, 46 S.W.3d 902 (Tex. Crim. App. 2001). 
In Mata, the court found that “the science of retrograde extrapolation can be reliable
in a given case,” but the expert must be able to “apply the science and explain it with
clarity.” Id. at 916. The expert must demonstrate understanding of the complexities
and awareness of the risks inherent in its application. Id. Finally, the expert must be
able to clearly and consistently apply the science. Id. 
          In evaluating the reliability of an expert’s application of retrograde
extrapolation in a given case, the court should consider: (1) the length of time
between the offense and the administration of the tests; (2) the number of tests given
and the time intervals between them; and (3) the extent to which any individual
characteristics of the defendant were known to the expert, such as,
                    (a)     the person’s weight and gender;
                    (b)     the person’s typical drinking pattern and tolerance for alcohol;
                    (c)  how much the person had to drink on day in question;
                    (d)     what the person drank;
                    (e)     the duration of the drinking spree;
                    (f)      the time of the last drink; and,
                    (g)     how much and what was eaten either before, during, or after
drinking.
Id. “[A] single test conducted some time after an offense could result in reliable
extrapolation only if the expert had knowledge of many personal characteristics and
behaviors of the defendant.” Id. Further, the court explained that in a case where a
single test is given within a reasonable amount of time after an offense, but where
only two or three characteristics are known, the accuracy of the extrapolation would
fall in the middle–there is no exact blueprint for reliability and the factors must be
balanced. Id. at 916-17.
          Here, the State’s expert witness, Becky Cuculic, possessed a master of science
degree in chemistry, has been certified as an intoxilyzer operater for the State, has
undergone continuing education, and has participated in research programs that focus
on the physiological effects of alcohol with the Texas Department of Public Safety
and Texas A&M University. She has been a technical supervisor for Chemco
Analysis for ten years. Further, she has testified as an expert approximately once
monthly for the past ten years. Whether a witness is qualified to testify is largely
within the trial court’s discretion and will not be disturbed absent a clear abuse of that
discretion. Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). Cuculic’s
background strongly suggests that she was qualified to perform retrograde
extrapolation in this case. See Bhakta v. State, 124 S.W.3d 738, 741 (Tex.
App.—Houston [1st Dist.] 2003, no. pet.).
          In testifying at the suppression hearing and later at trial, Cuculic explained the
use of retrograde extrapolation in a clear and understandable manner. See Mata, 46
S.W.3d at 916; Bhakta, 124 S.W.3d at 741. She explained the underlying scientific
theories and methodologies of its application. See Mata, 46 S.W.3d at 916; Bhakta,
124 S.W.3d at 741. In addition, she demonstrated an appreciation of the risks
inherent in using retrograde extrapolation by explaining that it is not an exact science. 
See Mata, 46 S.W.3d at 916; Bhakta, 124 S.W.3d at 741. Further, Cuculic applied
retrograde extrapolation to a hypothetical situation and explained how the factors
outlined above influence the calculation of a person’s BAC through the absorption
and elimination phases. See Bhakta, 124 S.W.3d at 741.
          In applying the technique to this case, Cuculic recognized the difficulty in
calculating appellant’s BAC because there was a single test


 performed an hour and
forty-four minutes after the stop. See Mata, 46 S.W.3d at 917. However, she knew
that appellant was a 165-pound male who had eaten a meal consisting of steak,
potatoes, and salad between 6:30 p.m. and 10:30 p.m. Appellant admitted drinking
two glasses of port wine and did not have any alcohol after 10:30 p.m. He was
stopped at 11:05 p.m., his breath was tested at 12:49 a.m., and the final BAC was
0.126. Cuculic applied these factors to conclude that, even if appellant’s BAC had
peaked at the time of testing, his alcohol concentration would have been over 0.08 at
the time he drove his car. 
          Cuculic was unable to recite specific aspects of various research, and she
acknowledged that she had “not read every single article out there on breath testing.”
However, this did not undermine the value her testimony. As the State asserts, the
standard in applying Rule 702 is not whether the expert addressed every pertinent
issue that could be raised by the facts, but “whether the expert took into account
enough of the pertinent facts to be of assistance to the trier of fact on a fact in issue.” 
Jordan v. State, 928 S.W.2d 550, 556 (Tex. Crim. App. 1996).
          Cuculic is qualified as an expert by knowledge, skill, experience, training, and
education, and her testimony was helpful to the trier of fact in understanding the
evidence and in determining whether appellant was intoxicated when he drove his
car. Therefore, the trial court did not abuse its discretion by allowing Cuculic to
apply retrograde extrapolation in this case and to testify to her conclusions.
          We overrule appellant’s first issue. Admission of Test Results
          In his second issue, appellant contends that the trial court erred in admitting the
breath test results because they were taken a considerable amount of time after the
traffic stop. Hence, asserts appellant, without proper retrograde extrapolation
evidence to relate the test results to the time of driving, the results were (1) irrelevant,
and (2), even if relevant, were inadmissible under Rule 403 as minimally probative
and likely to impress the jury in an irrational way. Tex. R. Evid. 403.


 
          Having found retrograde extrapolation reliable in this case, we need not reach
these issues. Moreover, appellant has heavily relied upon a decision that has been
reversed on the point at issue in this case. Stewart v. State, 103 S.W.2d 483 (Tex.
App.—San Antonio 2003), rev’d, 129 S.W.3d 93 (Tex. Crim. App. 2004) (reversing
the lower court’s holding that breath tests are inadmissible without reliable retrograde
extrapolation evidence). The Court of Criminal Appeals held that breath tests are
relevant evidence, and the relevancy of breath tests under Rule 401 is not dependent
upon a showing of retrograde extrapolation evidence. Tex. R. Evid. 401; Stewart,
129 S.W.3d at 96. 
          Further, even in the absence of retrograde extrapolation, breath test results are
probative. Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.]
2000, pet. ref’d). This Court has found ample authority to support sustaining a
conviction based upon after-the-fact testing in the absence of expert extrapolation
evidence. Gowans v. State, 995 S.W.2d 787, 790-91 (Tex. App.—Houston [1st Dist.]
1999, pet. ref’d) (listing such authority); see also Garcia v. State, 112 S.W.3d 839,
849-50 & nn.5-7 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (noting that the
necessity of extrapolation testimony has been rejected by courts in this state as well
as in other jurisdictions and providing such listing).
          We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court. 

                                                                                 
                                                                        Laura C. Higley 
                                                                        Justice
 

Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).