Opinion Issued January 6, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00027-CR




TROY TILLMAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
 Harris County, Texas
Trial Court Cause No. 941615

 
 
MEMORANDUM OPINION
          The trial court found appellant, Troy Tillman, guilty of sexual assault enhanced
by two prior felony convictions for burglary and theft and assessed 35 years in prison. 
See Tex. Pen. Code Ann. §22.011 (Vernon Supp. 2004-2005). We determine whether
the trial court violated appellant’s Sixth Amendment right to self-representation and
whether the trial court erred in denying appellant’s motion to suppress his DNA test
results. We affirm. 
Facts
          The complainant and appellant met at a gas station in the summer of 2002 and
exchanged telephone numbers. Over the next eight months, appellant and the
complainant spoke on the telephone and went to lunch several times. During this time,
the complainant expressed to appellant that she did not desire to have a sexual
relationship with him. 
          On February 24, 2003, the complainant visited appellant at his home. On this
occasion, appellant forcefully pushed the complainant onto his bed, held her down,
and forced her to have sexual intercourse with him. Immediately after she left
appellant’s house, the complainant drove to Hermann Hospital and was examined. 
The complainant spoke with Houston Police Department officers at the hospital and
reported that appellant had sexually assaulted her. Shortly thereafter, the complainant
went to the police station, made a statement, and identified appellant in a photographic
spread. 
          A warrant was issued to obtain a sample of appellant’s DNA to compare to
semen recovered from a vaginal swab taken from the complainant during her
examination at the hospital. A DNA analysis determined that the sperm cell recovered
from the complainant’s vaginal swab was consistent with a reference sample collected
from appellant. 
Sixth Amendment Right to Self-Representation
          In his first point of error, appellant contends that the trial court violated his
Sixth Amendment right to self-representation. 
          The Sixth Amendment guarantees criminal defendants the right to assistance of
counsel in criminal cases. See U.S. Const. amend. VI; Faretta v. California, 422 U.S.
806, 807, 95 S. Ct. 2525, 2527 (1975). Implied in the right to counsel, and in other
protections of the Sixth Amendment, is a right to self-representation. Faretta, 422
U.S. at 820, 95 S. Ct. at 2533. The right to self-representation, however, does not
attach until it has been clearly and unequivocally asserted. Birdwell v. State, 10
S.W.3d 74, 77 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). Once the right has
been asserted, the trial court must advise the defendant of the dangers and
consequences of self-representation. Id. Thereafter, if the defendant maintains his
desire to proceed pro se, he should be allowed to do so as long as the assertion of his
right to self-representation is unconditional and not asserted to disrupt or to delay the
proceedings. Id. When a defendant invokes the right to self-representation, the trial
court may, in its discretion, permit hybrid representation. McKaskle v. Wiggins, 465
U.S. 168, 183-84, 104 S. Ct. 944, 954 (1984). Representation amounts to hybrid
representation when, in response to the defendant’s request for self-representation, the
trial court allows the defendant’s attorney to remain as counsel and to be available to
advise the defendant. See Walker v. State, 962 S.W.2d 124, 126 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d). In such a case, if the defendant invokes the participation
of stand-by counsel, the representation becomes hybrid. Id. 
          A defendant’s Sixth Amendment rights are not violated when a trial court
appoints stand-by counsel, even over the defendant’s objection, to relieve the court of
the need to explain and to enforce basic rules of courtroom protocol or to assist the
defendant in overcoming routine obstacles that stand in the way of the defendant’s
achievement of his own clearly indicated goals. McKaskle, 465 U.S. at 184, 104 S. Ct.
at 954. As long as the appointment of counsel to assist the defendant does not
interfere with the defendant’s actual control over his own defense or undermine his
appearance before the jury in the status of a pro se defendant, participation of stand-by
counsel does not infringe upon the right to self-representation. Scarbrough v. State,
777 S.W.2d 83, 92 (Tex. Crim. App. 1989).
          Appellant made requests to proceed pro se on two separate occasions prior to
trial. Appellant first asserted his desire to represent himself on December 12, 2003,
during a pretrial hearing. On this occasion, after appellant had expressed his wish to
proceed pro se several times, the trial court admonished appellant of the dangers and
consequences inherent in self-representation. After the trial court had admonished
appellant about the dangers of representing himself, appellant abandoned his request
and instead requested that the trial court appoint a different attorney to represent him. 
The trial court denied this request.
          A defendant may waive his right to represent himself once it has been asserted.
See Funderburg v. State, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). Waiver of the
request for self-representation may be found if it reasonably appears to the court that
a defendant has abandoned his initial request to represent himself. See id. Because
appellant, after having received the trial court’s admonishments regarding the
consequences of self-representation, failed to express a continued desire to proceed
pro se, and instead requested that the trial court appoint him different counsel,
appellant waived his first request to represent himself. See id.; see also Birdwell, 10
S.W.3d at 77. 
          Appellant again requested to represent himself during a pretrial hearing on
December 15, 2003. On this occasion, appellant’s request was made amidst a lengthy
discussion regarding his desire to waive his right to a jury trial. When appellant made
his request to represent himself, the trial court interrupted appellant and returned his
attention to the issue at hand–waiver of a jury trial–and never returned to the issue of
appellant’s self-representation. Absent an “unmistakable denial” of the request for
self-representation, appellant cannot complain on appeal about the trial court’s denial
of his request. See Birdwell, 10 S.W.3d at 77. 
          Moreover, in this trial to the court, the record reflects that the trial court made
numerous concessions to appellant, often allowing appellant to represent himself
through hybrid representation. Even in the one area that the trial court insisted that
counsel do the questioning–the examination of the complainant–the trial court
afforded ample opportunity for appellant to have his questions asked by counsel. 
Under these circumstances, we find no denial of appellant’s Sixth Amendment rights. 
          We overrule appellant’s first point of error.
Motion to Suppress Evidence
          In his second point of error, appellant contends that the trial court erred in
denying his motion to suppress evidence because the probable-cause affidavit
supporting the search warrant lacked personal knowledge on the part of the affiant. 
          In reviewing the trial court’s decision to deny appellant’s motion to suppress,
we apply an abuse-of-discretion standard. See Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim. App. 2002); Bhakta v. State, 124 S.W.3d 738, 740 (Tex. App.—Houston
[1st Dist.] 2003, pet. struck). We reverse only if the trial court’s decision falls outside
the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). In determining whether the trial court abused
its discretion, we consider whether the court acted without reference to guiding rules
or principles— that is, whether the court acted arbitrarily or unreasonably. Id. at 380. 
          A search warrant may not issue unless it is supported by an affidavit setting
forth the following sufficient facts to establish probable cause: (1) that a specific
offense has been committed; (2) that the specifically described property or items that
are to be searched or seized constitute evidence that an offense occurred or evidence
that a particular person committed that offense; and (3) that the property or items
constituting evidence to be searched for or seized are located at or on that particular
person, place, or thing to be searched. Tex. Code Crim. Proc. Ann. art. 18.01(c)
(Vernon Supp. 2004-2005). The information contained in the affidavit may be based
on either direct personal knowledge or hearsay information. Belton v. State, 900
S.W.2d 886, 893 (Tex. App.—El Paso 1995, pet. ref’d). We examine the four corners
of the affidavit to determine whether probable cause exists. Wilson, 98 S.W.3d 265, 
270-71 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). However, reasonable
inferences may be drawn from the affidavit, and the affidavit must be interpreted in
a common sense and realistic manner. Id. at 271.
          A hearing on the motion to suppress evidence was held during trial. Appellant
contended that the probable-cause affidavit was legally insufficient because the
affiant, Investigator John Tucker, lacked personal knowledge about whether the
complainant was reliable or credible and because no inventory was attached to the
warrant.


 The trial court overruled the motion to suppress. 
          On appeal, appellant contends that the affidavit was defective because it (1)
stated conclusions, rather than facts constituting probable cause; (2) failed to show
personal knowledge on the part of the affiant; and (3) failed to show the reliability of
the information or the informant. In order to preserve a complaint for review,
appellant had to preserve the error in the trial court by presenting a timely objection. 
See Tex. R. App. P. 33.1(a). During trial, appellant asserted only that the affiant
lacked personal knowledge to support the contention that the complainant was reliable
and credible and that there was no inventory attached to the warrant. Appellant has,
therefore, preserved only these objections for appellate review and has waived his
complaint that the affidavit contained conclusory statements. See id. 
          The affidavit stated that the complainant identified appellant as her attacker
during the course of the investigation of the offense. When the victim or eyewitness
to the offense is the direct source of the information conveyed to the magistrate
through a police officer, neither facts independently corroborative of the occurrence
nor the basis for the claimed reliability of the eyewitness need be recited in the
affidavit. Belton, 900 S.W.2d at 894. If the named informant is a private citizen whose
only contact with the police is a result of having witnessed a criminal act committed
by another, the credibility and reliability of the informant is inherent for purposes of
a probable-cause affidavit. Id. Because the complainant in this case was the victim
of the crime, her credibility was inherent, and the basis for her reliability did not have
to be recited by the affiant. See id. Furthermore, a magistrate may rely on the affidavit
of a police officer, based on the knowledge of other officers, when police are engaged
in a common investigation. See State v. Anderson, 917 S.W.2d 92, 98-99 (Tex.
App.—Houston [14th Dist.] 1996, pet. ref’d). Therefore, the affidavit sufficiently set
forth sufficient, substantial, and reliable facts to show the magistrate probable cause
that appellant had committed the offense of sexual assault.
          We overrule appellant’s second point of error. 
 

Conclusion 
          We affirm the judgment of the trial court. 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Jennings, and Bland.
Do not publish. See Tex. R. App. P. 47.2(b).