**David L. KLEIN, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–83–072–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1983.

John H. Flinn, Sinton, for appellant.

Thomas L. Bridges, Dist. Atty., Sinton, for appellee.

Before UTTER, BISSETT and GONZA-LEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction for the offense of aggravated assault on a peace officer for which appellant received a five-year probated sentence and a $3,500.00 fine. The issues presented in this case are: (1) whether the main prosecution witness was erroneously allowed to give his opinion testimony regarding to appellant's intent, (2) whether the evidence is sufficient to prove the allegations and descriptive averments in the indictment necessary to support the conviction, (3) whether the testimony of the nature and extent of appellant's injury were res gestae of the incident bearing on appellant's intent and knowledge and was thus improperly excluded, (4) whether evidence of appellant's incompetency to stand trial in a prior case was a proper subject of impeachment, and (5) whether three of appellant's special requested charges were erroneously refused. We affirm.

In his first ground of error, appellant asserts that the trial court erred in permitting the main prosecution witness to testify as to his opinion of the guilt of appellant.

On direct examination, Game Warden Roy Lawrence testified: "... I could see he (appellant) was coming right to me.

And then, I could see that he, obviously, did not have any intentions of shutting down. So, I started waving and as we got closer and closer I could see then there was no shutting down. And, I made my turn." Lawrence further testified that he turned the boat in the direction prescribed by the "rules of the road in water safety" in order to avert a collision but "[t]he defendant proceeded in my direction. And after I made my right turn, I could see—it was very obvious to me he had made his left turn and come right into the path of my boat." In addition, Lawrence testified that, as the two boats approached one another, he could see appellant and "[h]e (appellant) looked very calm to me. And, it wasn't the look of panic or concern. It was just eye-ball-to-eyeball as we closed on each other." Later on direct examination, Game Warden Lawrence was asked the following questions and gave the corresponding responses:

Q. So, what would he have to do to cut the throttle? To slow down the boat?

A. Just a matter of turning his wrist.

Q. Did he appear to have cut his throttle at all?

A. No.

Q. In your. opinion was this an intentional act?

A. Yes.

Appellant's counsel objected to the last question and response on the basis that such a question called for a legal conclusion on the part of the witness and such opinion testimony was impermissible. The objection was overruled.

■ Appellant contends that this witness was permitted to testify as to his opinion of guilt of appellant which amounts to reversible error based on the principles set forth in *Boyde v. State,* 513 S.W.2d 588 (Tex.Cr.App.1974). Though the witness did not testify as to appellant's guilt, as was the case in *Boyde,* nonetheless, he did testify as to his opinion of appellant's culpable mental state (i.e., intent), an ultimate fact question for the jury's determination. *Hemphill v. State,* 505 S.W.2d 560 (Tex.Cr. App.1974); *Markham v. State,* 635 S.W.2d

153 (Tex.App.—San Antonio 1982, pet. ref'd). Therefore, the objection to such testimony on the basis that the testimony was improper opinion testimony stating a legal conclusion should have been sustained. *Hopkins v. State,* 480 S.W.2d 212 (Tex.Cr. App.1972). *See also Whitaker v. State,* 160 Tex.Cr.R. 271, 268 S.W.2d 172 (1954). However, the admission of this opinion testimony was harmless error since the conclusion expressed by the witness was a reasonable inference from his prior testimony regarding appellant's conduct and the jury could not have logically reached a different conclusion. *See Lera v. State,* 144 Tex.Cr.R. 619, 165 S.W.2d 92 (1942). Appellant's first ground of error is overruled.

In his second ground of error, appellant asserts that the trial court erred in refusing to grant appellant's motions for instructed verdict. Appellant specifically contends: (1) that the evidence wholly failed to show either that appellant had specific intent to injure the peace officer or that appellant knew or should have known that his conduct in operating his boat caused the peace officer to be injured; (2) that the evidence fails to show that appellant knew that the person injured was a peace officer until the exact moment of the collision but shows that appellant could not have prevented the collision at the time he became aware of the fact that the operator of the boat with which he was about to collide was a peace officer; and, (3) that the evidence shows as a matter of law that the injuries sustained by the peace officer were not the result of a voluntary act or omission of the appellant.

■ Contrary to appellant's contention, the State did not have to prove that the appellant had a specific "intent to injure" the peace officer. *Williams v. State,* 630 S.W.2d 640 (Tex.Cr.App.1982). The question as to whether or not appellant knew that Roy Lawrence was a peace officer was properly submitted to the jury. The evidence is sufficient to establish that Roy Lawrence was properly clothed and his boat was marked in a manner to identify him as a peace officer to the appellant well before

the time of the collision. Also, the evidence is sufficient from the totality of the testimony of Roy Lawrence that appellant's act was intentionally and knowingly committed; therefore, the question of the voluntariness of appellant's act was properly submitted to and found by the jury. Appellant's second ground of error is overruled.

■ In his third ground of error, appellant asserts that the trial court erred in excluding testimony regarding the nature and extent of appellant's injuries which were the result of the boat accident. Appellant argues that, as part of the res gestae of the incident, evidence regarding the extent and nature of appellant's injuries was admissible, and it was prejudicial error to exclude such testimony. In support of this argument, appellant cites cases wherein testimony as to the nature and extent of the victims injuries was admitted to throw light upon the offense and reveal its general nature. The court admitted certain testimony as to the nature and extent of appellant's injuries as viewed by several witnesses at or near the time and place of the accident. The further admission of detailed testimony of appellant's condition, treatment and length of confinement in the hospital would have been irrelevant to the issue of appellant's guilt or innocence and would not have thrown any additional light upon the offense and would not have revealed its general nature. The trial court did not abuse its discretion in refusing the admission of such testimony. Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant asserts that the trial court erred in allowing improper impeachment testimony. The witness, appellant's father, testified on direct examination that appellant had a good reputation for being a peaceful, law abiding citizen and that appellant had never been convicted of any crime, whatsoever, besides the conviction for setting illegal nets on the day of the boat incident which is the subject of the instant case. State's counsel asked the witness the following question: "Isn't it true that he wasn't convicted because he was found incompetent to

stand trial?" No error was preserved for review since appellant's counsel failed to obtain a ruling on his objection, failed to move to strike the question, and failed to move for a mistrial. *Graham v. State,* 546 S.W.2d 605 (Tex.Cr.App.1977); *Austin v. State,* 451 S.W.2d 491 (Tex.Cr.App.1970). Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant asserts that the trial court materially erred in refusing appellant's requested charge which incorporated the defensive issue of whether appellant acted involuntarily in an emergency in an attempt to prevent a boat collision. The court's charge substantially contains the defensive theory propounded by appellant. Appellant's fifth ground of error is overruled.

■ In his sixth ground of error, appellant asserts that the trial court materially erred in refusing his requested charge which contained an affirmative charge on the converse of the State's theory of the case. Appellant's testimony supporting the converse of the State's theory of the case amounted to a denial of guilt, not a justification or excuse which might be the subject of a defensive issue. In the instant case, the court instructed the jury on the presumption of innocence and the requirement that the jury must find beyond a reasonable doubt that the appellant committed the offense and "unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant." We find that the charge adequately protected appellant's rights and the trial court did not err in refusing the requested charge on the converse of the State's theory of the case. *Wilson v. State,* 581 S.W.2d 661 (Tex.Cr.App.1979).

■ In his seventh ground of error, appellant asserts that the trial court materially erred in refusing appellant's special requested charge on necessity. Appellant contends that the evidence presented in this case raised the issue of the defense of necessity under TEX.PENAL CODE ANN. § 9.22 (Vernon 1974). Appellant relies

upon *Williams v. State*, 630 S.W.2d 640 (Tex.Cr.App.1982) in support of his contention that he was entitled to a charge on necessity. However, the evidence in no way raised the issue of necessity as per *Williams*. The appellant in *Williams* was charged with the offense of assault and defended that charge by asserting that his conduct in striking the victim was necessary to prevent a collision. In *Williams,* the defendant was entitled to the charge on necessity because he admitted the intentional commission of the act but claimed justification based on necessity. In the instant case, the appellant at no time admitted intentionally or knowingly committing the act of aggravated assault on Roy Lawrence, a peace officer; therefore, he is not to be entitled to the defense of necessity. Appellant's seventh ground of error is overruled.

In his last ground of error, appellant asserts that the trial court erred in finding the evidence sufficient to sustain the conviction when the State's proof failed to sustain descriptive averments made in the indictment. Appellant claims that there was a variance in the indictment and the proof because the proof, at best, shows that the vessel operated by Roy Lawrence struck the vessel operated by appellant; whereas, the indictment charged the appellant with aggravated assault "by then and there, while driving and operating a motor-propelled vessel, to wit, a wood skiff, on navigable waters, strike another vessel operated and occupied by Roy Lawrence with a vehicle so driven by" appellant. Game Warden Lawrence testified that appellant was operating a flat bottomed, fiberglass-over-wood type skiff with a 40 horsepower outboard engine on Swan Lake, which is in the southern portion of the Copano Bay system in Aransas County. Game Warden Lawrence further testified that both boats struck each other in a head-on type collision after appellant navigated his boat towards Lawrence's boat and then turned his boat directly into the path of Lawrence's boat. We have examined all of the evidence and find that there is sufficient evidence to have proven all descriptive averments in the indictment and that there was no fatal variance between the allegations and the proof. Appellant's eighth ground of error is overruled.

The judgment of the trial court is hereby AFFIRMED.