**Fredrick TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–88–1065–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 8, 1989.

Patricia Saum, Houston, for appellant.

Katherine Haden, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Fredrick Taylor, appeals from a judgment of conviction for the offense of burglary of a building. TEX.PENAL CODE ANN. § 30.02 (Vernon 1974). The jury rejected appellant's "not guilty" plea and found him guilty as charged in the indictment. The trial court, finding the two enhancement paragraphs of the indictment to be "true," assessed his punishment at twenty-five years confinement in the Texas Department of Corrections. We affirm.

In two points of error, appellant submits the evidence is insufficient to sustain a conviction for burglary of a building and that the court erred by allowing the arresting officer to testify as to his opinion regarding appellant's credibility.

Appellant contends the evidence is insufficient to support his conviction for burglary of a building because the State failed to establish that he entered the building with the intent to commit theft. Appellant asserts that since he offered "a reasonable explanation" that he was in the building to escape from mosquitoes, he should have been found guilty of the lesser-included offense of criminal trespass. We are not persuaded by this argument.

On the night of September 12, 1988, the A-1 Truck Tire Service building at 1020 Jensen was entered. Calvin Volcy was the owner of the business. A-1 Truck Tire Service was a building comprised of three rooms with one door in the front and glass plated windows on each side of the door. On September 12, 1988, Mr. Volcy closed his shop at 5:00 p.m., locked up and went home. Later that night, at around 9:00 p.m., he received a telephone call from Margaret Phillips about a break-in at his business. Mrs. Phillips witnessed two men burglarize Mr. Volcy's business while she was sitting on the front porch of her house located directly across the street from A-1 Truck Tire Service. She saw two men walking out of the shop carrying some tires. She called Mr. Volcy and the police to report the burglary.

When Mr. Volcy arrived at A-1 Truck Tire Service, Roy Anderson and his wife were there waiting for him. Mr. Anderson lived across the street from the business at 2603 Providence. He too, had called Mr. Volcy after observing two men break into the tire shop. Mr. Anderson heard the sound of glass breaking and went to the tire shop to see what happened. He saw appellant and another male exiting A-1 Truck Tire Service. Appellant and the other man walked past Mr. Anderson, each carrying two tires. Appellant asked Mr. Anderson "what's up" and kept walking down Jensen. Appellant was wearing a white "Houston Chronicle" tee shirt and blue jeans.

After Mr. Volcy arrived, he noticed that the right front window of his business was broken out. He went inside and discovered that four tires, a radio, telephone, and several miscellaneous items were missing. Mr. Volcy and the Andersons drove around the immediate neighborhood to look for the two perpetrators. With no success at finding them, they returned to Margaret Phillips' house. While standing outside of Mrs. Phillips' house, they saw the two men returning to the tire shop. Mr. Volcy and Mr. Anderson witnessed appellant enter A-1 Truck Tire Service by crawling through the broken front window. Mr. Volcy then retrieved a gun from his car and went to the front of the store. He shouted for appellant to come out of the building. Appellant's companion ran across the street and hid behind a light

pole. The companion was never apprehended.

Mrs. Phillips recognized appellant by the clothing he was wearing to be one of the males she saw taking tires from Mr. Volcy's shop. Mr. Anderson recognized both appellant and his cohort as the same men he saw carrying tires from Mr. Volcy's shop. Appellant hid inside the tire shop while Mr. Volcy and Mr. Anderson waited outside of the building. The police arrived at the scene one hour later at around 11:00 p.m.

After the police arrived, they ordered appellant to come out of the building. They received no response. The police then told appellant that, if he refused to come out, they would obtain the assistance of a canine unit. Consequently, appellant shouted "I'm coming out" and exited the building from the front door. Appellant was wearing blue jeans and a white tee shirt with "Houston Chronicle" written on the front of it. Appellant told Officer W.E. Baker that the reason he was inside of the building was to get away from the mosquitoes. Mr. Volcy did not give the appellant permission to enter his tire shop.

Appellant did not testify at trial. However, appellant argues that, since Officer W.E. Baker testified that appellant told him that he had entered A-1 Truck Tire Service for a purpose other than to commit theft, i.e., to get away from the mosquitoes, the evidence is insufficient to sustain his conviction. It was the jury's prerogative to believe or disbelieve appellant's story. Mr. Volcy testified that when he arrived at the tire shop, the front window was broken out and four tires along with other items were missing from inside the building. Mr. Anderson testified that, after he heard the sound of glass breaking, he saw appellant and another man taking four tires out of A-1 Truck Tire Service. He saw appellant again when he and his companion returned to the business. This time both Mr. Volcy and Mr. Anderson saw appellant enter the shop through the broken front plate glass as his cohort fled.

Moreover, Mrs. Phillips testified that she recognized appellant as one of the men who broke into A-1 Truck Tire Service by the clothing he was wearing. Not only was appellant viewed by eyewitnesses committing the first break-in, appellant was caught red-handed when he entered the business the second time. Once appellant discovered he was caught by Mr. Volcy, he hid inside the building for approximately one hour until the police convinced him to exit the building.

 The standard of reviewing the sufficiency of evidence in a criminal case is that the evidence must be viewed in the light most favorable to the jury's verdict. The judgment will be upheld when any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Moreno v. State,* 755 S.W.2d 866 (Tex.Crim.App. 1988). By complaining about the sufficiency of the evidence in this case, appellant improperly asks this Court to reassess the witnesses' testimony when the jury has already passed upon the credibility thereof and having observed their demeanor firsthand. Simply because the jury did not find the appellant's explanation for being inside A-1 Truck Tire Service convincing is not grounds for finding insufficient evidence to support the verdict. *Beardsley v. State,* 738 S.W.2d 681 (Tex.Crim.App.1987). The jury, as trier of fact, is the sole judge of the weight to be given a witness' testimony. The jury may choose to accept or reject a witness' testimony, including appellant's. It is not the role of the appellate court to judge the credibility of the evidence or substitute its own evaluations of the facts for that of the factfinder. *Moreno v. State,* 755 S.W.2d at 867; *Beardsley v. State,* 738 S.W.2d at 685.

The issue of intent is a fact question for the jury to resolve from the surrounding circumstances. *Lewis v. State,* 715 S.W.2d 655 (Tex.Crim.App.1986). We find that there was direct evidence that appellant stole tires from the A-1 Truck Tire Service. The evidence in this case, viewed in the light most favorable to the verdict, is sufficient for any rational trier of fact to have found the appellant guilty of the offense

beyond a reasonable doubt. Appellant's first point of error is overruled.

Appellant complains in his second point of error that the trial court erred by allowing the arresting officer, W.E. Baker, to testify as to his opinion of appellant's credibility on redirect examination.

The complained of questions were in response to testimony elicited by the defense during cross examination. On cross examination, appellant's attorney asked Officer W.E. Baker whether appellant gave an explanation for being inside the building after his arrest. The testimony was as follows:

> DEFENSE: Would you please tell the jury what the defendant told you his reason was for being in the building?
>
> WITNESS: He told me the reason that he was in the building was to get away from the mosquitoes. That the mosquitoes were bad at that location or wherever he was at and he went into this location to get away from the mosquitoes.

On redirect examination by the State, the testimony continued as follows:

> STATE: Officer, the statement that the defendant made to you, are you telling this jury that you find them to be credible?
>
> DEFENSE: Your Honor, I object. That's invading the province of the jury.
>
> COURT: Overruled.
>
> WITNESS: State the question again.
>
> STATE: Counsel asked you about some statements the defendant made and you repeated the statements. Are you telling the jury that you find those statements to be credible, that they were the truth?
>
> DEFENSE: I object. It calls for speculation.
>
> COURT: Overruled.
>
> WITNESS: I would say they would not be credible.
>
> STATE: Okay. So, you are not vouching for this defendant's credibility for being a truthful person, are you?
>
> WITNESS: No, sir.

> STATE: You're merely repeating the statements that he made out there; is that correct?
>
> DEFENSE: I object. That's a leading question.
>
> COURT: Overruled.
>
> WITNESS: I'm just stating the facts.

On re-cross examination, appellant's attorney established that Officer Baker decided to arrest appellant for burglary of a building after observing the scene and talking to witnesses. Defense counsel asked Officer Baker: "And [it] didn't really matter to you what this defendant had to say about why he was in that building, did it?"

■ The expression of guilt or innocence in any case is a conclusion to be reached by the jury based upon the instruction given them in the court's charge, coupled with the evidence admitted by the judge through the course of the trial. No witness is competent to voice an opinion as to guilt or innocence. *Boyde v. State*, 513 S.W.2d 588, 590 (Tex.Crim.App.1974).

■ Although the witness in the instant case did not testify as to appellant's guilt, he did testify as to his opinion of appellant's culpable mental state, which is an ultimate fact question for the jury's determination. *Hemphill v. State*, 505 S.W.2d 560 (Tex.Crim.App.1974); *Klein v. State*, 662 S.W.2d 166 (Tex.App.—Corpus Christi 1983, no pet.). It is well settled that a witness may not give an opinion as to the truth or falsity of other testimony. *Ayala v. State*, 171 Tex.Crim. 687, 352 S.W.2d 955 (1962); *Kirkpatrick v. State*, 747 S.W.2d 833 (Tex.App.—Dallas 1987, pet. ref'd). Therefore, appellant's objection to the above quoted testimony should have been sustained. *Hopkins v. State*, 480 S.W.2d 212 (Tex.Crim.App.1972); *Klein v. State*, 662 S.W.2d at 168. However, the admission of this opinion testimony was harmless error since the conclusion expressed by the witness, W.E. Baker, was a reasonable inference from his other testimony and the jury could not logically have reached a different conclusion. *Klein v. State*, 662 S.W.2d at 168.

Officer Baker's assessment of the credibility of appellant's explanation was proved by other competent and unobjected-to evidence. Thus, any alleged error has been cured and deemed harmless. *Anderson v. State,* 717 S.W.2d 622 (Tex.Crim.App.1986). Defense counsel presented further evidence to establish that Officer Baker arrived at the opinion that appellant had committed burglary of a building instead of criminal trespass even after he spoke with appellant. Defense counsel amplified the fact that Officer Baker did not believe appellant's explanation when she got Baker to testify that he only sought charges for burglary of a building. Officer Baker's assessment of the credibility of appellant's statement was harmless. Officer Baker demonstrated his disbelief of the appellant's account when he sought charges for burglary.

We find that, since other ample evidence concerning the same subject was introduced without objection, Officer Baker's testimony concerning the credibility of the appellant's hearsay statement is rendered harmless. *Gardner v. State,* 730 S.W.2d 675 (Tex.Crim.App.1987); *Anderson,* 717 S.W.2d at 628. The complained-of testimony was merely cumulative of other evidence properly admitted, i.e., that Officer Baker did not believe the appellant. *Andrade v. State,* 700 S.W.2d 585 (Tex.Crim. App.1985).

Further, any alleged error is harmless if it is rendered unimportant by overwhelming evidence of guilt. *Clark v. State,* 627 S.W.2d 693 (Tex.Crim.App.1981); *Smith v. State,* 734 S.W.2d 694 (Tex.App.—Houston [1st Dist.] 1987, no pet.). In this case, the evidence which implicated appellant as guilty of burglary of a building is overwhelming. Officer Baker's evaluation of appellant's account after the fact has little bearing on the case when eyewitnesses to the actual burglary and theft of the tires testified before the jury. In light of all the incriminating evidence against appellant, Officer Baker's opinion testimony clearly did not contribute to the jury's guilty verdict.

We find beyond a reasonable doubt that the error made no contribution to appellant's conviction or to his punishment. Tex.R.App.P. 81(b)(2). Appellant's second point of error is overruled.

Accordingly the judgment of the trial court is affirmed.