Opinion Issued November 24, 2004






 

                                                     

In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01001-CR




JULIO CESAR FLORES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 262nd District Court
 Harris County, Texas
Trial Court Cause No. 938434




MEMORANDUM OPINION

          Appellant, Julio Cesar Flores, was indicted for the offense of possession with
intent to deliver at least 400 grams of heroin. See Tex. Health & Safety Code
Ann. § 481.112 (Vernon 2003). After the trial court denied appellant’s motion to
suppress evidence, appellant entered a plea of guilty. Following a pre-sentence
investigation, the trial court assessed punishment at 20 years in prison and a $5,000
fine. We address whether the trial court erred in denying appellant’s motion to
suppress evidence based on an allegedly unlawful detention and whether the trial
court erred in denying appellant’s motion for new trial based on an alleged Brady
violation.


 We affirm. 
Facts and Procedural HistoryAppellant was born in Los Angeles, California and raised in Guatemala. He
had been living in Houston for two years when his friend, Sergio, visiting from
Guatemala, approached him about doing a job that would pay him considerably more
than his weekly wages. Sergio informed appellant that appellant would be required
to take a package to New York, but did not specifically mention that it would contain
narcotics. Appellant believed that the item that he was to transport, a pair of sandals,
contained money. 
When, on February 4, 2003, appellant arrived at the bus station to depart for
New York, Houston Police Department Narcotics Officer Gomez noticed that
appellant was acting in a suspicious manner. Officer Gomez observed that appellant
had purchased his travel ticket 10 minutes prior to the scheduled departure time, that
he was looking around nervously, and that he was constantly shaking his leg. 
Officer Gomez and another narcotics officer, Officer Mosely, approached
appellant, identified themselves as police officers, and showed appellant their badges. 
Officer Gomez sat down next to appellant. Officer Mosely stood to the right of
Officer Gomez, and two other officers stood seven to 10 feet away from appellant. 
All of the police officers were dressed in plain clothes and never displayed their
weapons. Officer Gomez asked appellant some questions in Spanish, including his
travel destination and duration. Appellant told Officer Gomez that he was traveling
to New York to visit for about two weeks. Noting that appellant’s only piece of
luggage was a backpack, Officer Gomez commented that appellant had a small
amount of baggage for such a long stay. Appellant then stated that he was going to
visit for only two or three days. Officer Gomez then asked whether appellant had
packed his backpack himself. Appellant then volunteered to let the officers search his
backpack. 
During the search of the backpack, Officer Mosely removed a pair of sandals
from the backpack and noticed that they were heavy for their size and contained a
bulge. Appellant informed the officer that he did not know the contents of the
sandals. Officer Gomez asked appellant for permission to cut into the sandals, and
appellant stated, “Go ahead.” After cutting a slit into one of the sandals, Officer
Gomez identified the substance inside as narcotics and took appellant into custody.
The substance was later identified to be at least 400 grams of heroin. At no time
during the questioning or search did the police officers use physical force or threats
to make appellant submit to their authority. 
On May 22, 2003, appellant filed a motion to suppress the evidence obtained
by Officer Gomez at the bus station, alleging that appellant had been unlawfully
detained. The trial court denied the motion to suppress as to the seized heroin, and,
on the same day, appellant entered a plea of guilty. A presentence investigation
hearing was held on August 21 and 22, 2003. On September 18, 2003, appellant’s
counsel filed a motion for new trial alleging that the State had failed to disclose Brady
material in a timely manner. The trial court denied the motion. 
Motion to Suppress
In his first point of error, appellant contends that the trial court erred in denying
his motion to suppress evidence because the police officers had no reasonable
suspicion to conduct an investigative detention of appellant and because the search
of his backpack was unlawful. 
In reviewing a trial court’s decision to deny a motion to suppress evidence, we
apply an abuse-of-discretion standard. See Balentine v. State, 71 S.W.3d 763, 768
(Tex. Crim. App. 2002); Bhakta v. State, 124 S.W.3d 738, 740 (Tex. App.—Houston
[1st Dist.] 2003, pet. struck). We reverse only if the trial court’s decision falls outside
the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391
(Tex. Crim. App. 1990) (op. on reh’g). In determining whether the trial court abused
its discretion, we consider whether the court acted without reference to guiding rules
or principles, that is, whether the court acted arbitrarily or unreasonably. Id. at 380. 
Questions of reasonable suspicion and probable cause are specific issues reviewed
de novo on appeal. Guzman v. State, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997).
A.      Investigative Detention or Encounter?
An investigative detention is distinct from an encounter, which is not a seizure.
Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). During an encounter,
an officer is free to approach a person and to ask questions, but the person is also free
to ignore the officer and to walk away. Id. Such interaction remains an encounter
until a reasonable person would believe that he or she was not free to leave and the
person has yielded to the officer’s show of authority or been physically forced to
yield. Id. In determining whether an exchange between a person and a police officer
is an encounter or a detention, each case is decided by an examination of the totality
of the circumstances. Peterson v. State, 857 S.W.2d 927, 930 (Tex. App.—Houston
[1st Dist.] 1993, no pet.). 
Appellant supports his assertion that he was unlawfully detained and searched
by relying on Munera v. State, 965 S.W.2d 523 (Tex. App.—Houston [14th Dist.]
1997, pet. ref’d), in which a meeting with police officers was characterized as a
detention, rather than a consensual encounter. In Munera, the court held that the
defendant was detained because four police officers surrounded the defendant, one
of the officers retained control over the defendant’s train ticket, and the defendant
was asked for permission to search his bags. Id. at 528. 
The present case is distinguishable from Munera. Whereas in Munera, police
officers withheld the defendant’s train ticket and surrounded him, in the present case,
police officers did not withhold appellant’s bus ticket, and the officers all stood to
one side of appellant, rather than surrounding him. Furthermore, Officer Gomez did
not request to search appellant’s backpack; rather, appellant volunteered permission
for Officer Gomez to search the luggage.


 Contrary to appellant’s contention that he
was detained, appellant willingly conversed with the police officers and volunteered
permission to search his backpack. Appellant was never forced to submit to the
officers by physical force or show of authority. Because a reasonable person would
have felt free to terminate the encounter, appellant was not detained. See Johnson,
912 S.W.2d at 235.
B.      Lawful Search?
Appellant also asserts that cutting a slit into his sandal exceeded the scope of
the consent to search his backpack. However, the scope of consent is measured by
what the typical person would have understood by the exchange between the officer
and the individual. DuBose v. State, 915 S.W.2d 493, 496 (Tex. Crim. App. 1996). 
After Officer Mosely had searched appellant’s backpack and found the pair of
sandals, Officer Gomez asked appellant if he could cut a slit into one of the sandals
to see what the bulge contained. Appellant did not object, but stated, “Go ahead.” 
An objectively reasonable interpretation of that exchange would allow the officer to
cut open the sandal to see what was inside. 
The scope of appellant’s consent to search was extended to the sandals when
appellant verbally consented to Officer Gomez’s request to cut into the sandals. 
Accordingly, we hold that the trial court did not err in denying appellant’s motion to
suppress evidence.
We overrule appellant’s first point of error. Motion for New Trial
In his second point of error, appellant contends that the trial court erred in
denying his motion for new trial because trial counsel discovered, at the pre-sentence
investigation hearing, that the State had withheld Brady material. In an affidavit
submitted with the motion for new trial, appellant’s trial counsel stated that she would
not have advised appellant to enter a guilty plea if she had known that Officer Gomez
had formed the opinion that appellant did not know the nature of the illegal substance
that he was carrying. Appellant claims his plea of guilty was, thus, rendered
involuntary. 
A trial court’s ruling on a motion for new trial is reviewed for an abuse of
discretion and will be upheld if it is correct under any theory of law. Martinez v.
State, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002); Salazar v. State, 38 S.W.3d 141, 148
(Tex. Crim. App. 2001). Because the trial court is the sole judge for resolving
conflicting evidence on factual matters, the reviewing court determines only whether
the trial court’s decision was arbitrary or unreasonable. Salazar, 38 S.W.3d at 148. 
          Criminal defendants must receive timely disclosure of exculpatory and
mitigating evidence. See Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1197
(1963). A Brady violation exists if the defendant can produce evidence that (1) the
State failed to disclose evidence, regardless of the prosecution’s good or bad faith;
(2) the withheld evidence is favorable to the defendant; and (3) there is a reasonable
probability that, if the evidence had been disclosed, the outcome of the trial would
have been different. Ex parte Richardson, 70 S.W.3d 865, 870 (Tex. Crim. App.
2002). However, the State has no duty to disclose any evidence that would be
inadmissible at trial. Lagrone v. State, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997).          Appellant asserts that Officer Gomez’s belief that appellant was unaware of
what substance he was carrying negates the mens rea required for violation of Texas
Health and Safety Code section 481.112. The State contends that Officer Gomez’s
opinion was inadmissible and, therefore, not covered by Brady. 
It is well-settled law in Texas that no witness is competent to voice an opinion
as to guilt or innocence. Boyde v. State, 513 S.W.2d 588, 590 (Tex. Crim. App.
1974); Taylor v. State, 774 S.W.2d 31, 34 (Tex. App.—Houston [14th Dist.] 1989,
pet. ref’d). A witness’s testimony as to his opinion about appellant’s culpable mental
state is an ultimate fact question for the jury and is, therefore, inadmissible at trial. 
See Taylor, 774 S.W.2d at 34. Because Officer Gomez’s opinion that appellant was
unaware of what substance the sandals contained was inadmissible at trial, the State
had no duty under Brady to disclose it. See id. Therefore, appellant’s assertion that
his plea was involuntary is without merit and the trial court did not err in overruling
appellant’s motion for new trial. 
We overrule appellant’s second point of error. 

Conclusion
We affirm the trial court’s judgment. 
 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Jennings, and Bland. 
Do not publish. See Tex. R. App. P. 47.2(b).