Affirmed and Memorandum Opinion filed January 17, 2006









Affirmed
and Memorandum Opinion filed January 17, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00895-CR

____________

 

TERRY LEE WALLS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
Judicial District Court

Harris County, Texas

Trial Court Cause No. 982718

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant of possession
of a controlled substance, namely cocaine, weighing more than four grams but
less than 200 grams, including adulterants and dilutants.  See Tex.
Health & Safety Code Ann. ' 481.115(d)
(Vernon 2003).  Appellant  pleaded true to two enhancement paragraphs,
and the trial court assessed punishment at 25 years= confinement at
the Texas Department of Criminal Justice, Institutional Division.  Appellant presents three points of error on
appeal.  We affirm.  








Factual and
Procedural Background

On November 22, 2003, Officer Santos and
Officer Olivarez patrolled an area in Houston known for its drug-related
activity.  At approximately 2:30 A.M.,
the officers observed appellant drive a van into a small, mostly vacant, gated
apartment complex and leave within five to ten minutes.  The officers then observed appellant commit
two traffic violations, rolling through a stop sign without coming to a
complete stop and failing to signal when turning.  The officers stopped appellant for traffic
violations.  Appellant failed to produce
a driver=s license or
insurance card, and Officer Santos arrested appellant. 

Officer Santos patted appellant down for
weapons and found three rocks of crack cocaine. 
Officer Santos placed appellant in the police vehicle, while Officer
Olivarez questioned the  passenger, Kevin
Harris.  Kevin Harris produced a Texas ID
card but had no driver=s license, so the officers could not turn
the van over to Harris at the scene. 
Officer Olivarez inventoried the van for towing and found more
cocaine.  Under the driver=s seat, he found a
plastic baggie containing several rocks of cocaine and a pill bottle with rocks
of cocaine, and in between the front seats, he found a cardboard jewelry box
containing one large chunk of cocaine. 
Officer Santos could not secure charges against Kevin Harris and
released him at the scene.  The officers
transported appellant to jail.  

On arriving at the police station,
appellant fell ill and started passing out. 
The officers called paramedics, who took appellant to the hospital.  At the hospital, appellant tested positive
for cocaine and marijuana.  Thereafter,
appellant returned to the police station for processing  and was charged with possession of a
controlled substance.  

At trial, both officers testified and
Crime Lab Chemist, James Carpenter, testified. 
Carpenter tested the substances submitted to him and found cocaine
present in all three substances.  In
total, the cocaine weighed 16.8 grams, sufficient to make approximately 168
individual selling units if cut into the average size selling rock.  Based on this evidence, the jury found
appellant guilty of possession of a controlled substance. 








Discussion

I.                   
Legal and Factual Sufficiency of the Evidence

In his first and second points of error,
appellant contends the evidence is legally and factually insufficient to
support appellant=s conviction
for possession of a controlled substance. 
A person commits an offense if that person intentionally or knowingly
possesses  more than four grams but less
than 200 grams of cocaine.  See Tex. Health & Safety Code Ann. ' 481.115(d) (Vernon 2003).   

In a legal sufficiency review, we view all
the evidence in the light most favorable to the verdict and then determine
whether a rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the sole judge of the
credibility of the witnesses, chooses whether or not to believe all or part of a
witness=s
testimony.  See Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). 
We do not engage in a second evaluation of the weight and credibility of
the evidence, but only ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d). 
Thus, if there is evidence establishing guilt beyond a reasonable doubt,
we are not authorized to reverse the judgment on sufficiency of the evidence
grounds.  Id.








In a factual sufficiency review, we consider
all the evidence in a neutral light and determine whether a jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  The evidence may
be factually insufficient in two ways.  Id.  First, when considered by itself, evidence
supporting the verdict may be too weak to support the finding of guilt beyond a
reasonable doubt.  Id.  Second, when the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable doubt standard could not have been met.  Id. at 484B85.  Our evaluation of the evidence should not
intrude upon the fact-finder=s
role as the sole judge of the weight and credibility of the evidence.  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  In conducting a
factual sufficiency review, we must discuss the evidence appellant claims is
most important in allegedly undermining the jury=s
verdict.  Sims v. State, 99 S.W.3d
600, 603 (Tex. Crim. App. 2003).  

When an accused is charged with possession of
a controlled substance, the State must prove: (1) the defendant exercised
actual care, custody, control, or management over the contraband, and (2) the
defendant knew the object he possessed was contraband.  See Linton v. State, 15 S.W.3d 615,
618 (Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d).  When the accused is not in exclusive
possession of the place where the contraband is found, the State must present
additional independent facts and circumstances that affirmatively link the
accused to the contraband.  Cabrales
v. State, 932 S.W.2d 653, 656 (Tex. App.CHouston
[14th Dist.] 1996, no pet.).  The
affirmative links doctrine is a shorthand expression of what must be proved to
establish a person possessed a drug intentionally or knowingly.  Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995); Brochu v. State, 927 S.W.2d 745, 751 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d). 









Circumstantial evidence relevant to establish
an Aaffirmative link@
between appellant and the contraband includes: (1) appellant=s presence when the contraband was
discovered; (2) whether the contraband was in plain view; (3) appellant=s proximity to and accessability of the
narcotic; (4) whether appellant was under the influence of narcotics when
arrested; (5) whether appellant possessed other contraband when arrested; (6)
whether appellant made incriminating statements when arrested; (7) whether
appellant attempted to flee; (8) whether appellant made furtive gestures; (9)
whether there was an odor of the contraband; (10) whether other contraband or
drug paraphernalia was present; (11) whether the place where the drugs were
found was enclosed; and (12) whether appellant owned or had the right to
possess the place where the drugs were found. 
Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d). 
No set formula of facts necessitates finding an affirmative link
sufficient to support an inference of knowing possession.  Id. 
Rather, affirmative links are established by a totality of
circumstances.  See Sosa v. State,
845 S.W.2d 479, 483B84
(Tex. App.CHouston
[1st Dist.] 1993, pet. ref=d)
(holding evidence sufficient for a jury to conclude appellant was aware of, and
exercised control over, contraband in his vehicle when the totality of the
facts and circumstances linked appellant to the contraband). 

Appellant argues the evidence reflects
appellant knowingly possessed only the cocaine found in his jacket pocket,
rather than the cocaine in the van. 
Without any admission by the accused, knowledge may be inferred from the
circumstances.  Linton, 15 S.W.3d
at 618.  Here, appellant did not testify;
therefore, there is no admission of knowingly possessing the cocaine in the
van.  The factual affirmative links
establishing control may also be used to show appellant=s
knowledge.  See Hyett, 58 S.W.3d
at 832.  In contrast, appellant directs
us to the following evidence in the record to establish he did not knowingly
possess the cocaine in the van: (1) Kevin Harris was also in the van when
pulled over by police; (2) the vehicle belonged to appellant=s wife; (3) the cocaine found in the
van could have been dropped by Kevin Harris or appellant=s
wife; (4) no fingerprints linked appellant to the cocaine found in the van; (5)
appellant told police the cocaine in the van was not his; and (6) the arresting
officers were Arookies.@ 
Even though the van was owned by appellant=s
wife, the determining issue is control over the van at the time the contraband
was found, not ownership.  See id. at
831.  

Appellant asks this court to use its
discretion and review the credibility of witnesses.  After reviewing the evidence, there is
nothing in the record to suggest the jury=s
resolution of the testimony was not reasonable. 
See Cain, 958 S.W.2d at 410. 
Our purpose is not to evaluate the weight and credibility of the evidence,
but only to ensure the jury reached a rational decision.  See Muniz, 851 S.W.2d at 246.  








Appellant summarily argues a rational trier
of fact could not have found, beyond a reasonable doubt, appellant possessed
the cocaine.  However, viewing all the
evidence in the light most favorable to the verdict, we find a rational trier
of fact could have found appellant intentionally or knowingly possessed the
cocaine found in appellant=s
jacket pockets and the van.  Therefore,
the evidence is legally sufficient to find appellant guilty of possession of a
controlled substance weighing more than four grams but less than 200
grams.  We overrule appellant=s first point of error.  Viewing the evidence in a neutral light, we
conclude the evidence supporting the verdict was not too weak to support the
verdict beyond a reasonable doubt and the contrary evidence was not so strong
that the beyond-a-reasonable doubt standard could not have been met.  Therefore, the evidence is factually
sufficient to find appellant guilty.  We
overrule appellant=s second
point of error. 

II.                
Ineffective Assistance of Counsel

In his third point of error,
appellant claims ineffective assistance of trial counsel.  The United States Supreme Court established a
two-prong test to determine whether counsel is ineffective.  Strickland v. Washington, 466 U.S.
668, 687B92, 104
S. Ct. 2052, 2064B67
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986).  Appellant must first demonstrate his counsel=s performance was deficient and not
reasonably effective.  Strickland,
466 U.S. at 688, 104 S. Ct. at 2064. 
Thereafter, appellant must demonstrate the deficient performance
prejudiced his defense.  466 U.S. at 692,
104 S. Ct. at 2067.  Essentially,
appellant must identify specific acts or omissions of counsel that are alleged
to constitute ineffective assistance and affirmatively prove his counsel=s representation fell below an
objective standard of reasonableness, based on prevailing professional
norms.  466 U.S. at 690, 104 S. Ct. at
2066.  Appellant must show there is a
reasonable probability that, but for his counsel=s
unprofessional errors, the result of the proceeding would have been
different.  466 U.S. at 694, 104 S. Ct.
at 2068; Valencia v. State, 946 S.W.2d 81, 83 (Tex. Crim. App. 1997).








Judicial scrutiny of counsel=s performance must be highly
deferential, and we are to indulge the strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We assume counsel=s
actions and decisions were reasonably professional and were motivated by sound
trial strategy.  Id.  Moreover, appellant has the burden to rebut
this presumption, by a preponderance of the evidence, with evidence
illustrating trial counsel=s
motives.  Id. 

Appellant identifies three
specific acts or omissions, which resulted in ineffective assistance of
counsel.  First, trial counsel failed to
move to weigh the controlled substance without the packaging.  Second, trial counsel failed to object to
opinion testimony from both officers about appellant=s
guilt.  Third, trial counsel failed to
request a limiting jury instruction requiring the State prove extraneous
offenses beyond a reasonable doubt and telling the jury it could them only for
limited purposes.

A.                
Failure to Move to Weigh and Failure to Request
Limiting Instruction

Appellant=s first and third arguments fail
because the first prong of Strickland is not met because of the undeveloped
record.  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002); Thompson v. State, 9 S.W.3d 808, 813B14 (Tex. Crim. App. 1999).  When the record is silent about the
motivations of counsel, we cannot conclude counsel=s
performance was deficient.  Jackson,
877 S.W.2d at 771.  In such
circumstances, appellant fails to rebut the presumption trial counsel=s decisions were reasonable.  Thompson, 9 S.W.3d  at 814. 
An appellate court is not required to speculate on trial counsel=s actions when confronted with a silent
record.  Jackson, 877 S.W.2d at
771; McCoy v. State, 996 S.W.2d 896, 900 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d). 
However, if a silent record clearly indicates no reasonable attorney
could have made such trial decisions, to hold such counsel ineffective is not
speculation.  See Vasquez v. State,
830 S.W.2d 948, 950B51 (Tex.
Crim. App. 1992).   








First, appellant contends
trial counsel=s failure
to move to weigh the controlled substance without the packaging results in
ineffective assistance of counsel.  In
support of this argument, appellant directs us to Diaz v. State, 905
S.W.2d 302 (Tex. App.CCorpus
Christi 1995, no pet.).  In Diaz,
trial counsel did not move to weigh the controlled substance, but that was not
the only deficiency in his client=s
representation.  See id. at
306.  Other deficiencies included
advising appellant to enter a plea of guilty without a plea bargain, telling
appellant he would get probation, and signing a certificate indicating trial
counsel had personally read and explained to appellant the waiver of rights
when he had not.  Id.  This combination of circumstances revealed
appellant=s trial
counsel fell below an objective standard of reasonable representation.  Id. at 308.  Unlike the present case, trial counsel in Diaz
testified at the motion for new trial hearing and made a record as to his
motivations.  Id. at 306.  

Appellant also contends the
failure to make this particular motion suggests inadequate trial
preparation.  However, it may also
suggest other motivations, including, as the State suggests, the trial counsel
discovered the cocaine was weighed without the packaging before the trial began
and such a motion was simply not necessary. 
Without any more information in the record before us, we would be
speculating about why trial counsel did not move to weigh the controlled
substance.  See Chambers v. State,
903 S.W.2d 21, 33B34 (Tex.
Crim. App. 1995) (refusing to speculate why trial counsel did not challenge a
veniremember for cause); Morrison v. State, 132 S.W.3d 37, 47B48 (Tex. App.CHouston
[14th Dist.] 2004, pet. ref=d)
(refusing to speculate about trial counsel=s
motivations without proper evidentiary record). 
Likewise, we refuse to engage in speculation regarding trial counsel=s motivations. 








In appellant=s third argument, he contends trial
counsel was ineffective when she failed to request a limiting jury instruction
requiring the State to prove extraneous offenses beyond a reasonable doubt and
permitting the jury=s
consideration of these offenses only for limited purposes.  In Ex parte Varelas, the Court of
Criminal Appeals, in a habeas case, 
granted appellant=s
relief and remanded the case for a new trial after reviewing an appellant=s claim for ineffective assistance of
counsel when trial counsel did not object to the omission of an extraneous
offense instruction in the court=s
charge.  45 S.W.3d 627, 629 (Tex. Crim.
App. 2001).  Varelas=s habeas petition contained an
affidavit from his trial counsel, which revealed trial counsel=s failure to request a limiting
instruction was not trial strategy, but an oversight.  Id. at 632.  On direct appeal, however, the court had
overruled the ineffective assistance of counsel claim because, although it
could not understand why trial counsel would not have requested the burden of
proof limiting instruction, the Abare
record@ did not
reveal the nuances of trial strategy.  Id.
(citing Varelas v. State, No. 72,178, slip op. at 8 (Tex. Crim. App.
March 4, 1997)).  Here, the record
reveals an exchange between trial counsel and the trial judge about Aa charge regarding extraneous offenses.@ 
The trial judge told defense counsel he removed that charge, and trial
counsel responded, AOkay.@  
The record does not reveal the contents of the charge or trial counsel=s motives in agreeing to its
removal.  

In the vast majority of
cases, the undeveloped record on direct appeal will be insufficient for an
appellant to satisfy the dual prongs of Strickland because the
reasonableness of counsel=s
choices often involve facts not appearing in the appellate record.  Rylander v. State, 101 S.W.3d 107, 110
(Tex. Crim. App. 2003).  The record in
this case is undeveloped and does not adequately reflect the motives behind
trial counsel=s
actions.  Appellant=s pro se motion for new trial does not
address or develop an ineffective assistance of counsel claim and does not
supplement the record or provide any additional evidence for this court to
consider.  We must presume trial counsel
had plausible reasons for her actions.  See
Roberson v. State, 852 S.W.2d 508, 511 (Tex. Crim. App. 1993); Safari v.
State, 961 S.W.2d 437, 445 (Tex. App.CHouston
[1st Dist.] 1997, pet. ref=d).  Based on this analysis, the first prong of Strickland
is not met, and we are, therefore, unable to conclude trial counsel=s performance was deficient.  A reviewing court need not examine the second
Strickland prong if the first cannot be met.  See Strickland, 466 U.S. at 697, 104
S. Ct. at 2069; McCoy, 996 S.W.2d at 900.

B.                
Failure to Object








In his second argument,
appellant contends ineffective assistance of counsel occurred when trial
counsel failed to object to opinion testimony from both officers about
appellant=s
guilt.  Appellant argues this failure to
object is a failure to preserve error, and failure to preserve error has been
held to be ineffective assistance of counsel. 
For appellant to succeed on this particular claim, he must demonstrate
that if trial counsel had objected, the trial court would have erred in
overruling the objection.  Vaughn v.
State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); Oliva v. State,
942 S.W.2d 727, 732 (Tex. App.CHouston
[14th Dist.] 1997), pet. dism=d,
991 S.W.2d 803 (Tex. Crim. App. 1998). 
Appellant argues the officers=
opinion testimony is inadmissible because it invades the province of the
jury.  Both Officer Santos and Officer
Olivarez were asked by the prosecutor whether they believed appellant Aintentionally and knowingly@ possessed crack cocaine.  Both officers answered affirmatively.  These officers were asked to testify about
their opinion of appellant=s
culpable mental state.  Testimony of a
defendant=s
culpable mental state is a fact question for the jury=s
determination.  Taylor v. State,
774 S.W.2d 31, 34 (Tex. App.CHouston
[14th Dist.] 1989, pet. ref=d).   








For lay opinion testimony of
culpable mental state to be admissible, the trial court must determine (1)
whether the opinion is rationally based on perceptions of the witness and (2)
whether it is helpful to a clear understanding of the witness=s testimony or to determination of a
fact issue.  Tex. R. Evid.  701; Ex
parte Nailor, 149 S.W.3d 125, 134 (Tex. Crim. App. 2004); Fairow v.
State, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).  Generally, if the court determines lay
witness opinion testimony is an attempt to communicate the subjective mental
state of the actor, the trial court should exclude the testimony because it
could never be based on personal knowledge. 
Fairow, 943 S.W.2d at 899. 
However, such an opinion will satisfy the personal knowledge requirement
for lay witnesses if the testimony is an interpretation of the witness=s objective perception of events.  Id. 
Here, both officers testified they observed appellant drive into a known
crack house and leave a few minutes later. 
They also found a large amount of crack cocaine in appellant=s wife=s
van, which appellant was driving.  These
officers could not possess personal knowledge of appellant=s mental state, but they did possess
personal knowledge of facts from which an opinion regarding mental state was
drawn.  See id.  Officer Santos testified he believed, based
on his experience patrolling that area, appellant went to the apartments that
night to pick up drugs and move them somewhere else.  Officer Olivarez testified he believed
the location of the drugs in appellant=s
pocket and under the driver=s
seat indicated appellant knew the drugs were there.   

The opinion must also be
helpful to the trier of fact either to understand the witness=s testimony or to determine a fact
issue.  Id. at 900.  The trial court considers factors to make
this determination, including whether the testimony is overly confusing or
complicated, and the degree to which the witness is able to convey the events
from which the opinion is drawn.  Id.
at 900.  The helpfulness of an opinion
will be determined by the facts of the case. 
Id.  The facts in the
present case were simple; nothing before the jury was confusing or
complicated.  The officers relayed their
interpretation of events in a concise manner. 
These officers=
opinions were not needed to help the trier of fact understand any testimony or
determine any fact issue before it. 
Whenever the jury is in possession of the same information as the
witness and can fully understand the matter and draw the proper inferences and
conclusions, the witness=s
opinion testimony is unnecessary and inadmissible.  Steve v. State, 614 S.W.2d 137, 139
(Tex. Crim. App. 1981) (pre-Rules opinion holding the witness=s opinion testimony was unnecessary and
inadmissible); Roberts v. State, 743 S.W.2d 708, 711 (Tex. App.CHouston [14th Dist.] 1987, pet. ref=d); see also Ramirez v. State,
No. 14-04-00952-CR, 2005 WL 1690634, at *7 (Tex. App.CHouston
[14th Dist.] July 21, 2005, no pet.) (not designated for publication) (holding
an officer=s lay
opinion about culpable mental state of the defendant of slight or no usefulness
when the jury had the information before it and was capable of interpreting the
evidence).  








In this case, the jury
possessed the same information as the testifying officers and was in a position
to draw its own inferences and conclusions. 
Additionally, neither officer was given a legal definition of Aintentionally@
or Aknowingly.@  See Fairow, 943 S.W.2d at 901 (holding
witness=s lay
opinion of culpable mental state confusing or misleading when witness was never
given the legal definition of Aintentional@). 
We believe that under these circumstances, the officers= lay opinions  regarding whether appellant Aintentionally and knowingly@ possessed cocaine were
inadmissible.  For these reasons, the
trial court would have erred in overruling an objection had trial counsel
objected at trial.  

Appellant must still,
however, overcome the strong presumption the challenged action might be
considered trial strategy.  Strickland,
466 U.S. at 689, 104 S. Ct. at 2065.  The
State contends one possible trial strategy was to de-emphasize the testimony by
not objecting to it.  We agree that is
possible.  We will not question the
reasonableness of trial counsel=s
strategy in not objecting.  Appellant
failed to prove his defense counsel=s
performance was deficient and not reasonably effective.

Moreover, the second prong
of Strickland requires appellant to show that, but for the error by counsel,
the result of the proceeding would have been different.  Id. at 694.  Appellant has not made this showing.  Appellant contends the evidence before the
jury was insufficient to find appellant guilty, and without the officers= opinion testimony, the jury would not
have found appellant guilty.  However, as
discussed previously, the evidence is both legally and factually sufficient to
support the jury=s verdict
without the officers=
opinion testimony.  

Based on the forgoing
analysis, we overrule appellant=s
third point of error.








Conclusion

Having
considered and overruled each of appellant=s
three points of error on appeal, we affirm the judgment of the trial
court.  

 

 

 

 

/s/         John S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed January 17, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and
Anderson (Yates, J., 

concurs in result only). 

Do Not Publish C
Tex. R. App. P. 47.2(b).